# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GS HOLISTIC, LLC,

Plaintiff,

v.

SPLASH DISTRIBUTORS, LLC and SHAHED SHAIK,

Defendants.

Case No. 24-CV-1160-JPS

**PROTECTIVE ORDER**

On February 10, 2025, the parties in this case filed a joint motion for the entry of a protective order, with a stipulated proposed order. ECF No. 19. The parties request that the Court enter such an order because "[t]he parties agree certain categories of information should be treated as confidential, protected from disclosure outside this litigation, or used only for purposes of prosecuting or defending this action and any appeals." *Id.* at 1. The parties provided no additional details about what type of information the anticipated order would seek to protect, nor what god cause exists for such an order. *See id.* Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "specifying terms . . . for . . . disclosure[s] [and] discovery." Fed. R. Civ. P. 26(c)(1)(B); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Nonetheless, the

Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause).

The Court will deny the parties' motion at this juncture because the parties have provided insufficient information for the Court to determine if good cause exists for a protective order. *See* Civ. L.R. 26(e)(1) ("All motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause."). If the parties choose to renew their motion, they must provide the categories of information they expect to be treated as confidential under the anticipated order and describe the good cause for such treatment. *Id.* The Court further directs the parties' attention to the Eastern District of Wisconsin's protective order template, attached as an appendix to the Local Rules. It may be prudent to start any drafting from this template for a renewed motion.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for a protective order, ECF No. 19, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge