# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GS HOLISTIC, LLC,

               Plaintiff,

v.

SPLASH DISTRIBUTORS, LLC and
SHAHED SHAIK,

               Defendants.

Case No. 24-CV-1160-JPS

**ORDER**

On September 12, 2024, Plaintiff GS Holistic, LLC ("Plaintiff") brought this action against Defendants Splash Distributors, LLC ("Splash Distributors") and Shahed Shaik ("Shaik") (together, "Defendants"). ECF No. 1. Thereafter, Plaintiff filed affidavits of service indicating that it had successfully served Defendants on October 4, 2024. ECF Nos. 6 and 7. Because Defendants failed to appear, file an answer, or otherwise respond to Plaintiff's complaint, Plaintiff requested that the Clerk of Court enter default. ECF No. 8. The Clerk of Court entered default on October 31, 2024. Oct. 31, 2024 docket entry. Now before the Court is Defendants' motion to vacate default and to extend their deadline to file an answer to Plaintiff's complaint. ECF No. 11. The motion is fully briefed. ECF Nos. 12, 17, 18.

## 1. LEGAL STANDARD

The Court has discretion to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To set aside a default, Defendants must show "(1) good cause for [the] default[,] (2) quick action to correct it[,] and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. Di Mucci*,

879 F.2d 1488, 1495 (7th Cir. 1989)). This standard is "lenient" when applied to Rule 55(c). *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also United States f/u/b/o Venture Elec. Contractors, Inc. v. Liberty Mut. Ins. Co.*, No. 17-CV-1473-PP, 2018 WL 4120175, at *5 (E.D. Wis. Aug. 29, 2018). So long as Defendants "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence," good cause exists. *Cracco*, 559 F.3d at 631 (citing *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987)). Additionally, "[t]his Circuit has a well[-]established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted).

**2.    ANALYSIS**

**2.1    Good Cause**

Defendants assert that good cause exists to vacate the default because they failed to timely respond to Plaintiff's complaint due to a belief that settlement discussions would resolve the lawsuit. ECF No. 12 at 5–6; ECF No. 18 at 3–5. Defendants were unrepresented at the time they were in settlement discussions with Plaintiff and remained unrepresented until two weeks after default was entered against them. *See* ECF No. 13 at 1 (explaining that Shaik, the CEO of Splash Distributors, was personally undergoing settlement discussions with Plaintiff and did not retain counsel until November 14, 2024). Defendants further contend that even if no good cause exists for their failure to respond, good cause exists for the judicial action of vacating the default because they did not willfully ignore the action and "they are now present and represented, ready to defend Plaintiff's claims." ECF No. 18 at 3–4. Plaintiff contends that no good exists, because Plaintiff's counsel "repeatedly informed . . . Defendants that they

have a deadline for an answer and that the settlement communications do not defer their obligation to file an Answer." ECF No. 17 at 4. Plaintiff further argues that, in any event, "[o]ngoing settlement discussions are not good cause for failure to answer a pleading." *Id.* (quoting *Medline Indus. v. Medline Rx Fin., LLC*, 218 F.R.D. 170, 172 (N.D. Ill. 2003)). The Court finds that good cause exists here to vacate the Clerk's entry of default.

As the Court noted above, the standard for vacating entry of default is applied leniently, and the Seventh Circuit has a well-established policy favoring trial on the merits over default. *Cracco*, 559 F.3d at 631; *Liberty Mut. Ins. Co.*, 2018 WL 4120175, at *5; *Sun*, 473 F.3d at 811 (citation omitted). While it certainly weighs against Defendants that Plaintiff's counsel warned them of their deadline to answer, Defendants correctly point out that courts tend to find that good cause exists where a layperson's mistake—even if objectively unreasonable—caused the default. ECF No. 18 at 4 (citing *Black + Gold Corp. v. Solomon Acquisitions, LLC*, No. 22-CV-310-JDP, 2022 WL 16848367, at *1 (W.D. Wis. Nov. 10, 2022) and *Mayek v. Gunderson Boscobel Area Hosp.*, No. 19-CV-811-JDP, 2021 WL 4948045, at *2 (W.D. Wis. Oct. 25, 2021); *Black + Gold*, 2022 WL 16848367, at *1 (vacating entry of default when the defendant's "failure to answer the complaint or respond to the default was grounded in its CEO's mistaken belief that the dispute . . . had . . . been resolved," even though that belief was not reasonable).

The cases Plaintiff cites in opposition do not contradict the finding that good cause exists here. Plaintiff cites *Medline Industries* for the proposition that "[o]ngoing settlement discussions are not good cause for failing to answer a pleading," but the court found in that case that the relevant settlement discussions were not ongoing during the party's

deadline to respond, and on that ground found that good cause did not exist. 218 F.R.D. at 172. The Court further notes that *Medline Industries* involved settlement discussions where both parties were represented by counsel, *see id.*, in contrast to this case, where Defendants were participating in settlement discussions without legal representation. Plaintiff also cites to an out-of-circuit case, *Car-Freshner Co. v. Air Freshners, Inc.*, to support its position that settlement discussions do not create good cause for failing to timely respond to a complaint. ECF No. 17 at 4 (citing No. 7:10-CV-1491 (GTS/DEP), 2012 WL 3294948 (N.D.N.Y., Aug. 10, 2012)). But this case ultimately supports vacating the default here. First, the New York court noted that the defendants who failed to timely respond due to ongoing settlement negotiations were represented by counsel during that time. *Id.* at *6. Then, while the court found that the defendants' failure to answer was willful and thus the good cause factor weighed against vacating, it nevertheless vacated the default for the count where it found that the defendants had a meritorious defense. *Id.* at *6, *8.

The Court lastly notes that, even if it found that no good cause exists for Defendants' failure to timely respond, it may still find good cause for the judicial action of vacating. Indeed, the Seventh Circuit has stated that this is the true standard in any instance. *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error . . . ."). "In *Sims*, the Seventh Circuit reasoned that a district court could find good cause to vacate the default where the judgment would result in a sanction disproportionate to the extent of the defendant's mistake." *Liberty Mut. Ins. Co.*, 2018 WL 4120175, at *7. The same is true here. Defendants' mistake in failing to timely answer because, unrepresented, they failed to understand

how settlement discussions interacted with filing deadlines, is not proportionate to Plaintiff's $5 million demand. *See id.* (finding that a $500,000 demand was not proportionate to a filing error made by a non-lawyer employee of the party who failed to timely answer). "This is especially true where [Plaintiff] has not identified any prejudice it has suffered as a result." *Id.*

### 2.2    Quick Action to Correct

The Court next considers whether Defendants have shown that they took quick action to correct their default. *Pretzel & Stouffer*, 28 F.3d at 45 (7th Cir. 1994) (citation omitted). Defendants moved to vacate the entry of default exactly four weeks after the Clerk's entry of default against them. *Compare* Oct. 31, 2024 docket entry *with* ECF No. 11. Defendants contend that this timeline constitutes quick action to correct their mistake of failing to timely reply. ECF No. 12 at 4. Plaintiff, however, argues that four weeks was not quick action because "Defendants knew about the answer deadline . . . [and] waited until November 14, 2024 to retain counsel." ECF No. 17 at 5.

"Evaluating the speed with which a party seeks to set aside an entry of default is a context-specific inquiry that requires the Court to consider the 'possible prejudice' to the plaintiff." *Dunn v. GJI, Inc.*, No. 1:16-CV-03276-RLY-MJD, 2017 WL 3328129, at *3 (S.D. Ind. June 28, 2017), *report and recommendation adopted*, No. 1:16-CV-03276-RLY-MJD, 2017 WL 3314792 (S.D. Ind. Aug. 3, 2017) (citing *JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792–93 (7th Cir. 2015)). Plaintiff does not argue that it has suffered any prejudice by Defendants' four-week delay in moving to vacate the default. *See generally* ECF No. 17. Courts within the Seventh Circuit have found that moving to vacate even after a period of several months still constituted

"quick action" for purposes of Rule 55(c), particularly where the plaintiff had not demonstrated any prejudice from the delay. *See Dunn*, 2017 WL 3328129, at *3 (finding that the defendant took quick action despite an over three-month delay in moving to vacate in light of the totality of the circumstances and "[m]ost critical[ly] . . . [because] Plaintiff ha[d] not been prejudiced whatsoever by [the d]efendant's delay"); *Delange v. Vision Drywall, LLC*, No. 2:07-CV-228-PPS-APR, 2010 WL 3893962, at *2 (N.D. Ind. Sept. 30, 2010) (finding that a two-month delay by unrepresented defendant constituted "quick action" and vacating default). Given the circumstances of this case—that Defendants were unrepresented when default was entered against them and nevertheless moved to vacate within four weeks—the Court finds that Defendants have taken quick action to correct.

### 2.3    Meritorious Defenses

Lastly, the Court considers whether Defendants have any meritorious defense to the complaint. *Pretzel & Stouffer*, 28 F.3d at 45 (citation omitted). Defendants aver that they have several meritorious defenses to Plaintiff's claims. Specifically, Defendants argue that (1) Plaintiff's complaint fails to establish personal jurisdiction over Shaik, (2) any infringement was de minimus, and (3) Plaintiff will be unable to show willful infringement because Defendants had no knowledge of Plaintiff's patent at the time of the alleged infringement. ECF No. 12 at 6–7. Plaintiff argues that none of these defenses are meritorious such that they support vacating the default. ECF No. 17 at 6–8. The Court will address each defense in turn.

A meritorious defense for the purposes of Rule 55(c) means "more than bare legal conclusions, . . . but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir.

2014) (citations omitted). At this stage the Court "does not judge the veracity of [Defendant's] claims," determining simply whether they consist of more than bare legal conclusions. *Liberty Mut. Ins. Co.*, 2018 WL 4120175, at *8.

Defendants' first defense is that Plaintiff has failed to establish personal jurisdiction over Shaik, because Plaintiff alleges only that Shaik "authorized, directed, and participated in" the alleged infringement or inexplicably lumps Defendants together with no facts to support Shaik's involvement. ECF No. 12 at 6–7 (citing *Greer v. NABSA Benefit Servs.*, No. 09-C-580, 2010 WL 11640207, at *4 (E.D. Wis. Feb. 9, 2010)); ECF No. 18 at 5–6 (citing *Greer*, 2010 WL 11640207, at *4 and *Pavlic v. Woodrum*, 486 N.W.2d 533, 534 (Wis. Ct. App. 1992)). Plaintiff contends that this is not a meritorious defense because Wisconsin's long arm statute confers jurisdiction when the plaintiff "claim[s] injury to person or property . . . arising out of an act or omission within this state by [D]efendant." ECF No. 17 at 8 (quoting WIS. STAT. § 801.05(3)). Because Plaintiff alleges that Shaik "authorized, directed, and participated in" infringing activities, Plaintiff contends that personal jurisdiction has been established. *Id.* Plaintiff may ultimately be correct, but Defendant has gone beyond bare legal conclusions in supporting this defense. The Court therefore finds the defense to be meritorious for the purposes of Rule 55(c), however it notes that the defense was only argued as to Shaik, and therefore only serves as a basis to vacate default as to Shaik.

As for Defendants' defenses that any infringement was de minimus and not willful, Plaintiff is correct that Defendants entirely fail to establish any legal basis for those defenses, either in their initial motion or in their reply. *See* ECF No. 12 at 7–8 (summarizing both defenses in a brief

paragraph that failed to cite a single case, statute, or rule); ECF No. 18 at 6–7 (citing one case related only to the standard for vacating default, but nothing related to either proffered defense). Defendants' assertions surrounding these defenses are brief and purely factual in nature: they assert only that "Defendants had no knowledge of Plaintiff nor the Asserted Patents prior to this action," and "[S]plash [Distributors] sold only approximately 30 units of the allegedly infringing product." ECF No. 12 at 7–8 (citing ECF No. 13 at 2).

More problematic even than Defendants' failure to support their proffered defenses with law is that neither is an affirmative defense against liability for Plaintiff's claims. Defendants' first defense is that they had no knowledge of Plaintiff or its trademark and thus did not willfully infringe at any point. ECF No. 12 at 7–8. That a defendant innocently infringes only changes the determination of damages, not liability. *See* 15 U.S.C. § 1117(b)(1); *Gen. Elec. Co. v. Speicher*, 877 F.2d 531, 536 (7th Cir. 1989) ("[E]ven the victim of an innocent [trademark] infringer is entitled to simple damages, as distinct from the infringer's profits . . . ."); *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 857 n.13 (7th Cir. 2023) ("[I]nnocent infringement is still infringement." (citing Thomas L. Casagrande, *A Verdict For Your Thoughts? Why an Accused Trademark Infringer's Intent Has No Place in Likelihood of Confusion Analysis*, 101 TRADEMARK REP. 1447, 1460 n.58, 1470 (2011))). Similarly, that Defendants claim their infringement was limited to 30 units and was thus, de minimis, bears no impact on liability in this case, because the allegedly infringing products were sold in the commercial context. *See Minitube of Am., Inc. v. Reproduction Provisions, LLC*, No. 13-CV-685-JPS, 2014 WL 1761317, at *16 (E.D. Wis. May 1, 2014) ("The defendants

do not qualify for application of [the de minimus doctrine] because any alleged infringement was commercial . . . .").

Further, Defendants seem to admit the underlying facts of Plaintiff's complaint, because their defenses concede that they sold 30 units that allegedly infringed on Plaintiff's trademark, they simply did so unknowingly. ECF No. 12 at 7–8. Because Splash Distributors has failed to proffer a meritorious defense, the Court is constrained to deny the motion to vacate as to Splash Distributors. *See United States v. Pansier*, No. 21-2871, 2022 WL 2829759, at *2 (7th Cir. July 20, 2022) (affirming district court's denial of motion to vacate default when the defendant's defenses related only to damages and not liability).

### 2.4    Conclusion

The Court finds that all three factors are present for Shaik, and it will accordingly grant Defendants' motion to vacate as to Shaik. Because, however, Defendants have not established any defense to liability for Splash Distributors, the Court will deny the motion as to Splash Distributors.

## 3.    MOTION TO EXTEND DEADLINE TO ANSWER

Defendants also move the Court for an extension of their deadline to answer Plaintiff's complaint, specifically requesting 30 days from the date of this Order. ECF No. 12 at 8; ECF No. 18 at 7. In opposing this relief, Plaintiff argues that it would be prejudiced by a 30-day extension. ECF No. 17 at 8–9. Instead, Plaintiff asserts that, if the Court grants Defendants' motion to vacate, it should give them no "more than a few days" to answer. *Id.* at 9.

The Court notes that "[a]s a practical matter, vacating entry of default would serve little purpose without granting [the] defendants leave

to file an answer." *Haertle v. Brennan Inv. Grp., LLC*, No. 14-CV-1347, 2015 WL 12964670, at *2 (E.D. Wis. June 4, 2015). However, "[w]hile 'good cause' is the standard for vacating a default after its entry, an extension of time to file an answer before default is entered 'may be granted, after the time for action has passed, when justified by "excusable neglect."'" *Knowlton v. City of Wauwatosa*, No. 20-CV-1660, 2022 WL 1120622, at *2 (E.D. Wis. Apr. 14, 2022) (quoting *Mommaerts v. Hartford Life and Acc. Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007) and Fed. R. Civ. P. 6(b)(1)(B)). The determination of whether a party's failure was the result of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Factors to consider include the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith. *Id.* (citing *Pioneer*, 507 U.S. at 395). While "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

Considering both parties' arguments and the facts of this case, the Court will grant in part Defendants' motion to extend their deadline as to Shaik. While it does not appear that Defendants have acted in bad faith, they have also proffered no reason why they could not have filed a proposed answer along with their motion to vacate, nor have they convinced the Court that they require 30 days to adequately respond. Taking Plaintiff's concerns of prejudice in hand, the Court will grant Shaik

**14 days from the date of this Order** to answer or otherwise respond to Plaintiff's complaint.

**4.      CONCLUSION**

The Court finds good cause, quick action, and meritorious defenses such that it is proper to vacate entry of default for Shaik. Shaik's deadline to respond to Plaintiff's complaint is reset to **14 days from the date of this Order**. Because the default stands as to Splash Distributors, the Court's prior text order setting Plaintiff's deadline to move for default judgment as **14 days from the date of this Order** will apply as to Splash Distributors. Dec. 5, 2024 text order.

Accordingly,

**IT IS ORDERED** that Defendants Splash Distributors, LLC and Shahed Shaik's motion to vacate the Clerk of Court's entry of default and to extend the deadline to answer Plaintiff's complaint, ECF No. 11, be and the same is hereby **GRANTED** as to Defendant Shahed Shaik and **DENIED** as to Defendant Splash Distributors, LLC;

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to set aside entry of default against Defendant Shahed Shaik entered on October 31, 2024; and

**IT IS FURTHER ORDERED** that Defendant Shahed Shaik's deadline to respond to Plaintiff's complaint be and the same is hereby **RESET** to 14 days from the date of this Order.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge