**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

GS HOLISTIC, LLC,

Plaintiff,

v.

SPLASH DISTRIBUTORS, LLC and SHAHED SHAIK,

Defendants.

Case No. 24-CV-1160-JPS

**ORDER**

Before the Court is Defendant Shahed Shaik's ("Shaik") motion to dismiss for lack of personal jurisdiction. ECF No. 37. Because the motion fails to comply with the Court's protocols, it will be dismissed without prejudice.

The Court requires that for jurisdictional motions to dismiss, such as the instant motion, "the parties must meet and confer and provide a single narrative statement of agreed-upon facts in paragraph form addressing the jurisdictional issue . . . [and] omit a facts section from their briefing." ECF No. 4 at 4 (emphasis omitted). Further, "[i]f any facts pertaining to jurisdiction are in dispute, each party may submit a set of itemized disputed facts." *Id.* The Court specifically warns parties that it "will only consider the complaint and the jurisdictional facts" in ruling on the motion. *Id.*

There are two issues with the parties' submissions. First, it is unclear whether the "joint statement of facts" submitted by the parties reflects undisputed or disputed facts. ECF No. 37-2. The statement repeatedly offers facts that are attributed to one party's perspective but that bear no supporting citation to the record. *See id.* ("Plaintiff . . . avers that . . . ";

"Defendants' position is that . . . "). The "joint" statement is only signed by Shaik's counsel. *Id.* at 3. Shaik then regurgitates this same statement of fact in a fact section in its brief,[1] ECF No. 37-1 at 3–4, which further suggests that the facts were drafted solely by Shaik rather than drafted jointly. It is thus unclear to the Court whether to accept these as undisputed facts or not, and to the extent they are disputed they fail to comply with the Court's protocols because they lack any citations in support.

Plaintiff GS Holistic LLS ("GS") also failed to comply with the Court's protocols because, rather than including any necessary facts in a joint statement of undisputed or disputed facts, GS merely adds new evidence to the record in its response and supporting declaration, citing thereto throughout its brief. *See generally* ECF No. 39 (citing ECF Nos. 39-1–39-5). This is akin to introducing new facts in a facts section, which the Court expressly warned that it will disregard. ECF No. 4 at 4.

Because both parties failed to comply with the Court's protocols for jurisdictional motions to dismiss, the Court will deny Shaik's motion without prejudice and will afford Shaik one opportunity renew his motion in compliance with the Court's protocols. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005) (collecting cases and noting that district courts may enforce strict compliance with local rules and protocols). If he chooses to do so, he must renew the motion on or before **November 10, 2025**.

[1]Including a fact section in his brief is yet another way that Shaik failed to comply with Court's protocols. *See* ECF No. 4 at 4 ("[T]he parties should omit a facts section from their briefing . . . if a facts section is included in the briefing, it will be disregarded.)

Accordingly,

**IT IS ORDERED** that Defendant Shahed Shaik's motion to dismiss, ECF No. 37, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that if Defendant Shahed Shaik intends to renew his motion to dismiss, he shall file the renewed motion and supporting papers on or before **November 10, 2025**.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge