**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPLASH DISTRIBUTORS, LLC and SHAHED SHAIK,<br><br>Defendants. | Case No. 24-CV-1160-JPS<br><br>**ORDER** |

Now before the Court is a motion by current counsel for Plaintiff GS Holistic, LLC ("Plaintiff"), David L. Perry II of the law firm The Ticktin Law Group ("Perry"), who seeks to withdraw from representing Plaintiff. ECF No. 46. Perry also moves for a 30-day stay. *Id.* at 6. For the reasons and on the terms stated below, the Court will grant both motions.

Plaintiff has "initiated multiple trademark infringement and counterfeiting lawsuits pending before this Court, including the instant action." *Id.* at 1. Perry has represented Plaintiff throughout these proceedings. *Id.* However, Perry avers that "over the course of the representation, irreconcilable differences have arisen" between Plaintiff and Perry, making a continued attorney-client relationship untenable. *Id.* at 2. Specifically, Perry avers that these differences are not merely superficial disagreements regarding tactical decision-making. *Id.* Instead, they are "substantial conflicts regarding the direction of the litigation." *Id.* Perry states that "effective and cooperative" representation is no longer possible. *Id*. In light of this situation, Perry provided Plaintiff with written notice on December 5, 2025 of his intention to withdraw from representation. *Id*. He

further transferred all relevant case files and materials to Plaintiff to facilitate a smooth transition of representation. *Id*. Plaintiff subsequently informed Perry that its in-house counsel, attorney Eddy Leal, would take on the representation and appear as counsel. *Id*. Due to these circumstances, Perry seeks the Court's permission to withdraw himself and his firm from representing Plaintiff further in this matter. *Id.* at 1.

An attorney may withdraw from representing a party upon a showing of good cause. CIV. L.R. 7.1(e)(3)(A).[1] In assessing a motion to withdraw from representation, "most 'federal courts use the ethical rules of the state in which they sit.'" *Watkins v. TransUnion, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (quoting *Huusko v. Jenkins*, 556 F.3d 633, 636 (7th Cir. 2009)). Accordingly, the Court assesses Perry's motion under Wisconsin Supreme Court Rule 20:1.16. In relevant part, this rule permits withdrawal when "withdrawal can be accomplished without material adverse effect on the interests of the client," "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," or "other good cause for withdrawal exists." WIS. SUP. CT. R. 20:1.16(b). Upon termination of representation, the lawyer must "take steps to the extent reasonably practical to protect [the] client's interests." *Id.* at 20:1.16(d).

Perry has demonstrated that he (and his firm) and Plaintiff have "substantial conflicts regarding the direction of the litigation," such that "effective and cooperative" representation is no longer possible. ECF No.

---

[1]The attorney must also serve a copy of the moving papers on the party and inform the party about any hearing on the motion. CIV. L.R. 7.1(e)(3)(B)–(D). Perry has certified that he served the moving papers on Plaintiff by mail and email. ECF No. 46 at 7. The Court sees no need to set a hearing on Perry's motion, as Perry's representations persuade the Court that appearance of replacement counsel is forthcoming and as such, a hearing is unnecessary.

46 at 2. Perry has taken all reasonable steps to protect Plaintiff's interests by providing two weeks' notice to Plaintiff of his intention to withdraw, ECF No. 46 at 2, transferring "all relevant files and case materials to the Plaintiff to ensure a smooth transition of representation," *id.*, and now moving for a 30-day stay of all deadlines in order to allow new counsel an opportunity to "file appearances and become familiar with the cases," *id.* at 6. For these reasons, the Court will grant Perry's motion and permit him and his firm to withdraw from representing Plaintiff.

The Court will further grant the request for a 30-day stay. While there are no deadlines for Plaintiff within 30 days of this order, Plaintiff will have at least 30 days from **January 27, 2026** to respond to any motions which may arise during that period. That is, for any motions ordinarily requiring a shorter period to respond, Plaintiff will have until **February 26, 2026** to respond. The Court will also direct the Clerk of Court to update Plaintiff's address of record to the mailing address indicated in the certificate of service and to mail a copy of this Order to Plaintiff at this address. In addition, the Court will extend Plaintiff's deadline to move for default judgment against Defendant Splash Distributors, LLC. The deadline was previously December 22, 2025, ECF No. 42, but will be reset to **February 26, 2026**. Finally, the Court will order substitute counsel for Plaintiff to appear within fifteen (15) days of this Order. Failure to do so may result in dismissal of this action without prejudice for failure to prosecute.

As a separate matter, Defendant Shahed Shaik missed his December 1, 2025 deadline to file a renewed motion to dismiss. *See* Nov. 13, 2025 text order. Defendant Shahed Shaik will be ordered to respond to the complaint on or before **February 26, 2026**. The active parties will be ordered to file a

Federal Rule of Civil Procedure 26(f) report within 14 days after Defendant Shahed Shaik's answer is filed.

Accordingly,

**IT IS ORDERED** that Plaintiff's attorney's motion to withdraw from representation, ECF No. 46, be and the same is hereby **GRANTED**; Attorney David L. Perry II and the law firm The Ticktin Law Group be and the same are hereby **TERMINATED** as counsel for Plaintiff GS Holistic, LLC;

**IT IS FURTHER ORDERED** that the Clerk of Court update Plaintiff GS Holistic, LLC's mailing address to the address listed in the certificate of service at ECF No. 46 at 7;

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Plaintiff GS Holistic, LLC's mailing address;

**IT IS FURTHER ORDERED** that any deadlines for Plaintiff GS Holistic, LLC that are or would otherwise be set for within 30 days of this Order are hereby **STAYED** until **February 26, 2026**;

**IT IS FURTHER ORDERED** that the deadline for Plaintiff GS Holistic, LLC to file for default judgment against Defendant Splash Distributors, LLC is hereby **RESET** to **February 26, 2026**;

**IT IS FURTHER ORDERED** that substitute counsel for Plaintiff GS Holistic, LLC shall make an appearance on or before **February 11, 2026**;

**IT IS FURTHER ORDERED** that Defendant Shahed Shaik shall **RESPOND** to Plaintiff GS Holistic, LLC's complaint on or before **February 26, 2026**; and

**IT IS FURTHER ORDERED** that the active parties shall **FILE** a Rule 26(f) report on or before 14 days after Defendant Shahed Shaik has filed his answer.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge