IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPLASH DISTRIBUTORS LLC d/b/a SPLASH DISTRIBUTORS, and SHAHED SHAIK,<br><br>Defendants. | Case No. 24-CV-1160-JPS<br><br>Judge J. P. Stadtmueller |

**PLAINTIFF'S MOTION TO DISMISS**
**DEFENDANT SHAHED SHAIK'S COUNTERLAIM**

Plaintiff/Counter-Defendant, GS HOLISTIC, LLC ("GS Holistic"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court to dismiss the Counterclaim filed by Defendant/Counter-Plaintiff SHAHED SHAIK ("Mr. Shaik") for failure to state a claim upon which relief may be granted. In support thereof, GS Holistic submits as follows:

## Introduction

Mr. Shaik, in conjunction with his answer to the complaint, asserts a three-count declaratory judgment counterclaim. The first two counts seek declarations that the two design patents at issue (the '817 Patent and the '804 Patent) are invalid. Notably, however, Mr. Shaik does not identify a single prior art reference or any factual basis supporting these sweeping assertions of invalidity. Instead, he offers little more than a verbatim recitation of statutory language under 35 U.S.C. §§ 102 and 103, coupled with a vague reference to § 112. Such conclusory allegations, devoid of any factual enhancement, fall well short of federal pleading standards and require dismissal.

In the third and final count of his counterclaim, Mr. Shaik challenges the validity of GS Holistic's STÜNDENGLASS trademark which is registered for use in connection with "gravity water pipes for smoking purposes."[1] His claim rests on three premises: (1) that "Stündenglass" means "hourglass" in German; (2) that GS Holistic's water pipes bearing this mark "are, quite literally, hourglass-shaped smoking mechanisms"; and (3) that the mark therefore merely describes the product.

Mr. Shaik's argument borders on frivolous. The modern word for hourglass in German is *sanduhr*. Moreover, even assuming arguendo that the product resembles an hourglass, that resemblance does not describe any ingredient, quality, characteristic, function, feature, purpose, or use of the goods. And in any event, Mr. Shaik alleges no facts sufficient to overcome the statutory presumption that GS Holistic's registered mark is valid and distinctive—i.e., capable of functioning as a trademark—nor does he plausibly allege a lack of acquired distinctiveness among consumers.

For these reasons, Mr. Shaik's counterclaim should be dismissed in its entirety.

## **Legal Standard**

A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A complaint needs to state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court must construe a plaintiff's complaint in the light most favorable to the plaintiff and take the

[1] Mr. Shaik does not challenge the two other GS Holistic trademarks at issue in this litigation.

factual allegations stated therein as true. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678. *See also Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (noting that a plaintiff must assert specific facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (cleaned up). These pleading standards apply to declaratory action claims. *See, e.g.*, *Atl. Cas. Ins. Co. v. Sealtite Roofing & Constr. Co.*, 73 F. Supp. 3d 953, 955 n.2 (N.D. Ill. 2014) (discussing the plausibility standard in a declaratory action in a dispute over insurance coverage).

## <u>Argument</u>

### I. Mr. Shaik's patent invalidity counterclaims fail to state a claim under Rule 8.

Counts I and II of the counterclaim seek declaratory judgments that the '817 and '804 design patents are invalid under 35 U.S.C. §§ 102, 103, and 112. These claims fail because they are entirely conclusory and unsupported by any factual allegations.

With respect to the '817 patent, Mr. Shaik first alleges that the patent is invalid "for failure to comply with the requirements of patentability set forth in the patent statutes, including at least 35 U.S.C. § 102, 103, and/or 112." Counterclaim at ¶ 131. He then asserts anticipation and obviousness in a single paragraph that merely tracks statutory language, without identifying any reference, product, publication, dates, or how any prior art discloses the claimed design. Counterclaim at ¶ 132. In a single sentence thereafter, he alleges that the patent should be invalid because "it is primarily dictated by function."

Counterclaim at ¶ 133. He concludes by asserting that the patent "should therefore be deemed invalid as anticipated, obvious, and functional." Counterclaim at ¶ 134.

Mr. Shaik repeats the same formulaic approach for the '804 Patent, again citing to §§ 102 and 103 assertions without identifying any prior art or providing any factual context. *See* Counterclaim at ¶¶ 139-142. Indeed, the two counterclaims are virtually identical and largely copy-and-paste recitations of statutory language. Mr. Shaik does not identify any prior art reference, any design features of the claimed patents, any comparison between the patents and alleged prior art, or any theory explaining invalidity. Nor do his barebones allegations of functionality include any facts identifying which claimed ornamental features are functional, whether alternative designs exist, or any factual basis supporting functionality.

Such labels and conclusions are insufficient under *Twombly* and *Iqbal*, and courts in the Seventh Circuit and elsewhere have dismissed patent invalidity counterclaims just like Mr. Shaik's when they are wholly devoid of factual content and consist entirely of conclusory recitations of statutory language. *See, e.g.*, *Cleversafe, Inc. v. Amplidata, Inc.*, No. 11 C 4890, 2011 U.S. Dist. LEXIS 145995, at *5 (N.D. Ill. Dec. 20, 2011) ("The Court finds that an invalidity counterclaim with no factual support cannot state a plausible claim for relief."); *Groupon Inc. v. MobGob LLC*, No. 10 C 7456, 2011 U.S. Dist. LEXIS 56937, at *12-13 (N.D. Ill. May 25, 2011) ("Because MobGob has not alleged a single fact in support of its claim, it fails to give Groupon notice of the basis of its claim. Moreover, it provides the Court with no basis for making a reasonable inference in its favor. In other words, its claims of invalidity are not plausible. They are merely possible. This is not enough to survive a Rule 12(b)(6) motion to dismiss."); *PPS Data, LLC v. Allscripts*

*Healthcare Sols., Inc.*, No. 3:11-cv-273-J-37TEM, 2012 U.S. Dist. LEXIS 8367, at *11 (M.D. Fla. Jan. 25, 2012) ("The Court cannot conclude, given the sparse and formulaic recitation of its counterclaims, that Defendant's allegations satisfy the pleading standards announced in *Iqbal* and *Twombly.* The two paragraphs asserted by Defendant are bald assertions, devoid of fact."); *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 U.S. Dist. LEXIS 81986, at *17-18 (N.D. Cal. July 27, 2011) (criticizing nearly identical invalidity allegations as those Mr. Shaik pleads here and observing that "this Court has held that it will not accept 'wholly conclusory allegations' in a claim alleging patent invalidity, and that simply 'pleading the citation' to a section of the Patent Act is not sufficient.").

Accordingly, Counts I and II of the counterclaim fail to state a claim upon which relief may be granted and should be dismissed.

**II. Count III fails to state a claim for trademark invalidity because the STÜNDENGLASS trademark is distinctive.**

"The purpose of trademark protection is to identify the source of a good or service to consumers." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). A trademark includes "any word, name, symbol, or device, or any combination thereof [used by any person] to identify and distinguish his or her goods, including a unique product, from those manufactured and sold by others and to indicate the source of the goods, even if that source is unknown." 15 U.S.C. § 1127.

To be registrable, a mark must distinguish the applicant's goods from those of others. *See* 15 U.S.C. § 1052. "Marks are classified into five categories of increasing distinctiveness: 1) generic, 2) descriptive, 3) suggestive, 4) arbitrary, and 5) fanciful." *Mil-*

*Mar Shoe Co. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7th Cir. 1996) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-68 (1992)).

Generic terms—those that are the name of a type or class of goods—can never function as a trademark. By contrast, descriptive terms may be used as a trademark if it has acquired secondary meaning. *See Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 935-36 (7th Cir. 1986). "A term is considered to be merely descriptive of a product if it immediately conveys to purchasers information as to the ingredients, quality, characteristics, functions or other features of the product in connection with which the product is issued." *Henri's Food Prods. Co. v. Tasty Snacks, Inc.*, 817 F.2d 1303, 1306 (7th Cir. 1987). As the Federal Circuit has explained:

> Whether a mark is merely descriptive is determined in relation to the goods or services for which registration is sought. *See* 15 U.S.C. §1052(e)(1). The question is whether someone who is presented with the mark in connection with the goods or services would understand that the mark describes the goods or services. *See* 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §11:16 (4th ed. 2014) ("Descriptiveness cannot be determined as an abstraction. The possible descriptiveness of a designation is highly dependent on the goods or services in connection with which the designation is used. A term can be descriptive of one product and non-descriptive of another."). "A merely descriptive mark qualifies for registration only if the applicant shows that it has acquired secondary meaning." *In re Nett Designs, Inc.*, 236 F.3d 1339, 1341 (Fed. Cir. 2001).

*In re TriVita, Inc.*, 783 F.3d 872, 874 (Fed. Cir. 2015).

A descriptive term obtains secondary meaning, and thus trademark protection, if consumers in the relevant community identify a specific business or a business's reputation by a particular trademark. *See Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 728 (7th Cir. 1998).

Critically, the owner of a registered trademark is entitled to a rebuttable presumption that its trademark (1) is not generic or merely descriptive, or, (2) if descriptive, the mark has secondary meaning. 15 U.S.C. § 1115(a); *Liquid Controls*, 802 F.2d at 936.

Here, even accepting Mr. Shaik's barebones allegations in Count III as true, they do not plausibly state a claim that the STÜNDENGLASS mark is merely descriptive. His theory—that the mark translates to "hourglass" and that GS Holistic's products resemble an hourglass—does not satisfy the Seventh Circuit's standard for descriptiveness. A mark is descriptive only if it "immediately conveys" information about the ingredients, qualities, or characteristics of the goods. *Henri's Food Prods.*, 817 F.2d at 1306; *Liquid Controls*, 802 F.2d at 936.

As an initial matter, Mr. Shaik's translation premise is flawed. The modern German word for "hourglass" is *sanduhr*, and while it appears that an antiquated term may be *stundenglas*, even that form omits both the umlaut and the second "s" found in STÜNDENGLASS. These differences are not trivial. In German, the umlauted "ü" is a distinct letter that alters pronunciation and meaning. *Stünden* translates to "would stand," not "hourglass." This further undermines the premise that the mark translates directly to a descriptive term.

Nor does the doctrine of foreign equivalents salvage his claim. That doctrine—under which foreign words may be translated into English to assess descriptiveness—applies "only in those situations where the ordinary American consumer would stop and translate the mark into English." *In re Spirits Int'l, N.V.*, 563 F.3d 1347, 1351 (Fed. Cir.

2009). Mr. Shaik pleads no facts suggesting that consumers would translate "Stündenglass," a coined term, much less perceive it as descriptive.

But even putting that translation issue aside, an alleged visual resemblance to an hourglass does not describe any ingredient, quality, function, feature, purpose, or use of a gravity water pipe. Put simply, GS Holistic is not selling hourglasses under the STÜNDENGLASS mark, nor are its products used as such. At most, the alleged resemblance suggests a metaphor or requires some degree of imagination, which would render the mark suggestive, not descriptive. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 421 (7th Cir. 2019) (explaining that suggestive marks do not directly and immediately describe an aspect of the goods but instead require the observer or listener to use imagination and perception to determine the nature of the goods).

And in any event, Mr. Shaik's claim independently fails because the STÜNDENGLASS mark is federally registered and therefore presumed valid and distinctive. See 15 U.S.C. § 1115(a). Mr. Shaik pleads no facts regarding consumer perception, market usage, or any other indicia of descriptiveness, and thus fails to overcome the statutory presumption that the registered mark is distinctive (i.e., not merely descriptive). *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001) (identifying the type of factors that would be relevant).

For all these reasons, Count III of the counterclaim fails to state a claim and should be dismissed.

## Conclusion

For the foregoing reasons, GS Holistic respectfully requests the entry of an order dismissing Defendant Shahed Shaik's counterclaim in its entirety for failure to state a claim upon which relief may be granted.

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for GS Holistic LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for GS Holistic LLC*