# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GS HOLISTIC, LLC,

Plaintiff,

v.

SPLASH DISTRIBUTORS, LLC and SHAHED SHAIK,

Defendants.

Case No. 24-CV-1160-JPS

**ORDER**

Before the Court are Plaintiff GS Holistic LLC's ("Plaintiff") motions to dismiss Defendant Shahed Shaik's ("Shaik") counterclaim, ECF No. 55, and its motion to strike Shaik's affirmative defenses, ECF No. 56. Because both motions fail to comply with the Court's procedures, they will be denied without prejudice.

The Court's Pretrial Procedures Order ("Procedures") specifically requires that "parties . . . meet and confer about any potentially disputed matter before presenting it to the Court" and that the Court "may strike or outright deny a motion" if the moving party fails to comply with this requirement. ECF No. 4 at 10–11. "[T]he parties must meet and confer in a good faith attempt" to "avoid unnecessary Court intervention, or to narrow the scope of issues the Court must resolve." *Id.* The motion must then "be accompanied by a written certification, separately filed, of having met and conferred." *Id.* at 11.

Further, for anticipated motions to dismiss, the Procedures require that a party "meet and confer *before* the motion is filed" and file a written certification thereof. *Id.* at 2–3 (emphasis in original). Then, if "the meet and

confer process [is] not . . . fruitful" in narrowing claims and if any amended complaint (or here, answer) does not "solve the issues identified . . . as the bases for dismissal," the moving party must file a joint executive summary of its anticipated motion to dismiss "*prior* to the filing of the motion." *Id.* at 3 (emphasis added). The Court thereafter will consider the executive summary and provide further guidance for the parties regarding the anticipated motion.

Plaintiff wholly failed to comply with these procedures; thus, the Court will deny without prejudice both its pending motions and will afford it ***one*** opportunity to renew them in a manner that complies. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809–10 (7th Cir. 2005) (collecting cases and noting that district courts may enforce strict compliance with local rules and protocols). If it chooses to do so, Plaintiff must renew its motion to strike and file an executive summary regarding its anticipated motion to dismiss on or before **April 20, 2026**.

Additionally, Plaintiff and Shaik were ordered by the Court to file a Rule 26(f) report no later than fourteen days from the date Shaik filed his answer. ECF No. 47 at 3–4. Shaik filed his answer on February 26, 2026, and yet no Rule 26(f) report has been filed as of the date of this Order. Accordingly, the parties are ordered to file a joint Rule 26(f) report on or before **April 3, 2026**.

Accordingly,

**IT IS ORDERED** that Plaintiff GS Holistic LLC's motion to dismiss, ECF No. 55, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff GS Holistic LLC's motion to strike, ECF No. 56, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that if Plaintiff GS Holistic LLC intends to renew its motion to dismiss, it shall file the joint executive summary concerning the anticipated motion on or before **April 20, 2026**;

**IT IS FURTHER ORDERED** that if Plaintiff GS Holistic LLC intends to renew its motion to strike affirmative defenses, it shall file the compliant motion, along with accompanying papers, on or before **April 20, 2026**; and

**IT IS FURTHER ORDERED** that Plaintiff GS Holistic LLC and Defendant Shahed Shaik jointly **FILE**, on or before **April 3, 2026**, a joint Rule 26(f) plan.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2026.

BY THE COURT:



J. P. Stadtmueller
U.S. District Judge